IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:21-cv-03320-SKC

GOLD PEAK HOMEOWNERS ASSOCIATION INC,

        Plaintiff,

v.

GAF MATERIALS, LLC,

        Defendant.

---

ORDER RE: DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [DKT. 61]

---

In 2015, Plaintiff Gold Peak Homeowners Association ("HOA" or "Plaintiff") reroofed all forty of its residential buildings and four stand-alone garage buildings with Timberline ArmorShield II shingles manufactured by Defendant GAF Materials, LLC. [Dkt. 134 at ¶5.] Plaintiff purchased a System Plus Limited Warranty (Limited Warranty) for each of the residential buildings. [*Id.* at ¶¶6-7.][1] The warranty provided the "shingles will remain free from manufacturing defects that adversely affect their perform[ance.]" [*Id.* at ¶11.] The Limited Warranty also included various provisions regarding what products were covered and to what extent

---

[1] Some of the residential buildings apparently had attached garages; however, it is undisputed the four separate garage buildings were not covered by the Limited Warranty. [Dkt. 134 at ¶8.]

1

coverage would apply, including a section explaining how and when to file a claim, and another section disclaiming any other warranties. [*Id.* at ¶¶12-15, 16, 18.]

In the years following installation of the shingles, residents of the community complained to the HOA board about granule loss from the shingles. [*See id.* at ¶¶22, 33-36, 38.] In August 2020, Plaintiff made a claim under the Limited Warranty complaining that the shingles were shedding excessive granules. [*Id.* at ¶43.] Defendant then inspected the roofs and analyzed shingle samples and approved a settlement offer regarding two conditions covered under the Limited Warranty— splicing and granule loss. [*Id.* at ¶¶54-56.] Defendant approved ten claims for "splicing" and nine claims for "granule loss" and denied twenty-five claims for the remaining buildings.[2] [*Id.* at ¶¶58-60.] Plaintiff, however, did not accept Defendant's settlement offer on those buildings or conditions that Defendant determined were covered under the Limited Warranty. [*Id.* at ¶61.]

Plaintiff filed this lawsuit on October 19, 2021, in Douglas County District Court asserting claims for breach of express and implied warranties, violation of the Magnuson-Moss Act, negligence, and strict liability. [Dkt. 13.] Plaintiff has since voluntarily dismissed its claims for negligence and strict liability.[3] After removal to

---

[2] Plaintiff relies on the settlement letter as evidence of a manufacturing defect while Defendant contends the letter would be inadmissible under Fed. R. Evid. 408 for such a purpose. The Court need not decided the question of admissibility because the letter is ultimately not material to the question of whether Plaintiff provided timely notice. There has been no argument that Defendant waived the Limited Warranty's notice requirement.

[3] These claims were not included in the Final Pretrial Order, and therefore, were dismissed from the matter. Although Plaintiff's voluntary withdrawal would

2

this Court, [Dkt. 1] the parties consented to magistrate judge jurisdiction. [Dkt. 23.] Defendant has now moved for summary judgment in its favor on Plaintiff's remaining claims. [Dkt. 61.] The Court has carefully reviewed the Motion and related briefing, the evidence, the relevant law, and the entire case file. No hearing is necessary. For the following reasons, Defendant's Motion is GRANTED.

## STANDARD OF REVIEW

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.,* 41 F.3d 567, 569 (10th Cir. 1994). "[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986)).

Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury, or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 248-49; *Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service,* 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the

---

ordinarily be without prejudice, given the statute of limitations governing these claims as well as principles of res judicata, the dismissal is effectively with prejudice.

evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson,* 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Service Com,* 391 U.S. 253, 289 (1968)).

## ANALYSIS

Defendant contends, *inter alia*, the undisputed evidence demonstrates Plaintiff failed to provide notice as required by the express warranties and that any claim for breach of an implied warranty is barred by the plain language of the express warranty. Defendant further argues, because there are no actionable express or implied warranty claims, Plaintiff's claim under the Magnuson-Moss Act must also fail. The Court agrees.

**A.   Breach of Express Warranty**

Plaintiff contends Defendant breached the terms of the express Limited Warranty because the shingles did not perform as warranted and Defendant has failed to replace them. [Dkt. 13 at ¶¶32-39.] Defendant argues it could not have breached the warranty because Plaintiff did not provide it with the required notice.

To state a claim for breach of express warranty, a plaintiff must prove (1) the existence of a warranty, (2) breach of the warranty, (3) the breach proximately caused the losses claimed as damages, and (4) defendant received timely notice of the breach. *Platt v. Winnebago Indus., Inc.,* 960 F.3d 1264, 1271 (10th Cir. 2020) (citing

4

*Fiberglass Component Prod., Inc. v. Reichhold Chems., Inc.*, 983 F. Supp. 948, 953 (D. Colo. 1997) (applying Colorado law)). Compliance with the notice requirement is generally a condition precedent to recovery for a breach of warranty claim. *See Palmer v. A.H. Robins Co.*, 684 P.2d 187, 206 (Colo. 1984)

As an initial matter, the Court addresses Plaintiff's reliance on both the Uniform Commercial Code (UCC), Colo. Rev. Stat. § 4-1-101, *et seq.*, and those cases interpreting the UCC. Specifically, Plaintiff—citing *Palmer v. A.H. Robins Co.*, 684 P.2d 187, 206 (Colo. 1984) and *Nash v. Wal-Mart*, 2016 WL 10519158 (D. Colo. Dec. 5, 2016)—contends it satisfied its notice obligation by giving notice to its roofer or, alternatively, by initiating this lawsuit. Plaintiff also contends the UCC only requires notice within a reasonable time, which is to be judged under a more relaxed standard for retail consumers. [Dkt. 111 at pp.5-9.] But these arguments are inapposite.

*Palmer* and *Nash* are distinguishable because, unlike this case, neither included a specific warranty provision addressing notice requirements. And the UCC's requirement of notice within a reasonable time does not control because here the Limited Warranty specifically defines the notice period. *See Rocky Mountain Microsystems, Inc. v. Pub. Safety Sys., Inc.*, 989 F. Supp. 1352, 1356 (D. Colo. 1998), *aff'd*, 173 F.3d 864 (10th Cir. 1999) ("Certainly the express terms of the Agreement may change the effects of the provisions of Article II [of the Commercial Code].") Consequently, in determining the parties' respective obligations, the Court does not look to the UCC, but rather, looks to and applies principles of contract interpretation. *Platt*, 960 F.3d at 1270. In doing so, the Court gives "effect to the plain and generally

accepted meaning of the contractual language," while also "examining the entire instrument [without] viewing clauses or phrases in isolation." *Id.* (citing *Copper Mountain, Inc. v. Indus. Sys., Inc.*, 208 P.3d 692, 697 (Colo. 2009)).

Here, the plain and unambiguous language of the Limited Warranty provides that claimants "must notify GAF about any claim within **30 days** after you notice a problem. . . ." [Dkt. 87-1 at p.9 (emphasis in original).] The plain meaning of "notice" is to observe or become aware of. *Notice*, Oxford English Dictionary (3d ed. 2003). And the Limited Warranty provides specific and unambiguous instructions (including contact addresses and phone numbers) regarding how a claimant should notify GAF of a problem. The warranty further makes explicit that "**Notice to your contractor, dealer, or home builder is NOT notice to GAF.**" [Dkt. 87-1 at p.9 (emphasis in original).]

The undisputed facts of this case plainly show that at least by 2018, Plaintiff (via the HOA board) noticed a problem with the shingles. In her deposition, the president of the HOA testified, for a period in 2018:

> Anytime a windstorm came up, anytime a rainstorm would come up, you would have granules all over your patio furniture, all over the streets, coming out of the gutters. It was like a playground full of sand everywhere. And whenever that happened, people would complain.

[Dkts. 134 at ¶22; 112-2 at p.1.] But instead of notifying Defendant as required by the Limited Warranty, Plaintiff contacted its roofer regarding the problem. [Dkt. 112-2 at pp.2-6.] It is of no moment that Plaintiff mistakenly believed the roofer held the warranty or that the roofer told Plaintiff the granule shedding was normal. To absolve Plaintiff of its affirmative obligations under the Limited Warranty based on its own

6

misunderstanding would render the notification requirements meaningless. *Pepcol Mfg. Co. v. Denver Union Corp.*, 687 P.2d 1310, 1313 (Colo. 1984) (courts must "harmonize and to give effect to all [contract] provisions so that none will be rendered meaningless"). The terms of the warranty required Plaintiff to notify Defendant within 30 days of after it noticed a problem with the shingles in 2018.[4] It is undisputed Plaintiff noticed a problem by at least 2018 but did not notify Defendant of the problem until August 2020, years past the 30-day notice requirement.

Alternatively, Plaintiff argues even if it failed to notify Defendant within the requisite time, the Court should deny the motion for summary judgment because Defendant has not demonstrated it was prejudiced by the delay. [Dkt. 111 at pp.8-9.] But again, this argument relies on those cases falling under the UCC. Considerations of prejudice are relevant in determining whether notice was given within a reasonable amount of time when the time for compliance is otherwise undefined. *See Nash v. Wal-Mart*, No. 15-cv-02330-RM-MEH, 2016 WL 10519158, at *17 (D. Colo. Dec. 5, 2016), *report & rec. adopted as modified sub nom.*, 2017 WL 5188339 (D. Colo. Feb. 15, 2017), *aff'd*, 709 F. App'x 509 (10th Cir. 2017) (discussing prejudice as it relates to the primary purposes of notice). But here, the Limited Warranty expressly defined the time for notice as 30 days, and therefore, the Court does not analyze the prejudice to Defendant or whether Plaintiff provided notice in a reasonable amount of time. It is undisputed Plaintiff failed to provide notice within the time frame

---

[4] The Court notes that even when the roofer told the HOA the shedding was normal, members of the board were skeptical and community residents still believed there was a problem. [Dkt. 134-6 at pp.12-14.]

7

required by the contract. Even if the Court were to consider prejudice to the Defendant, because the 30-day requirement was a specific term in the Limited Warranty, Plaintiff's failure to comply with it did in fact prejudice Defendant because it deprived Defendant of the benefit of its bargain—in exchange for the warranty, Plaintiff had to comply with the notice requirement.

Accordingly, the undisputed facts show that Plaintiff cannot establish the timely-notice element of its prima facie case for breach of express warranty, thus entitling Defendant to summary judgment on that claim.

## B.     Breach of Implied Warranty of Merchantability

Turning to Plaintiff's claim for breach of the implied warranty of merchantability, and Defendant's argument any implied warranty has been excluded, the Court again concludes the express and unambiguous language of the Limited Warranty controls.

The UCC provides that *"[u]nless excluded or modified* (section 4-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Colo. Rev. Stat. § 4-2-314 (emphasis added). To validly exclude this implied warranty, "the language must mention merchantability and in case of a writing must be conspicuous." Colo. Rev. Stat. § 4-2-316(1). A term is conspicuous when a reasonable person against whom it is meant to operate should have noticed it. Colo. Rev. Stat. § 4-1-201(1). Conspicuous terms include those with a "heading in capital letters equal to or greater in size than the surrounding text, *or in contrasting type, font,* or color to the surrounding text of

the same or lesser size[,]" and those with language in "larger type than the surrounding text, *or in contrasting type*, *font*, or color to the surrounding text of the same size, or *set off from surrounding text of the same size* by symbols or other marks that call attention to the language." Colo. Rev. Stat. § 4-1-201(10)(A), (B) (emphases added). Whether a term is conspicuous is a question for this Court to decide. *Id*.

Here, the disclaimer is definitionally conspicuous. It reads:

> **Sole and Exclusive Warranty.** THIS LIMITED WARRANTY IS EXCLUSIVE AND REPLACES ALL OTHER WARRANTIES, CONDITIONS, REPRESENTATIONS AND GUARANTEES, WHETHER EXPRESS OR IMPLIED, WHETHER BY STATUTE, AT LAW OR IN EQUITY, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. This limited warranty is your EXCLUSIVE warranty from GAF and represents the SOLE REMEDY available to any owner of GAF Products. GAF makes NO OTHER REPRESENTATIONS, CONDITIONS, GUARANTEES, OR WARRANTIES of any kind other than that stated herein. GAF WILL NOT BE LIABLE IN ANY EVENT FOR CONSEQUENTIAL, PUNITIVE, SPECIAL, INCIDENTAL, OR OTHER SIMILAR DAMAGES OF ANY KIND, including DAMAGE TO THE INTERIOR OR EXTERIOR OF ANY BUILDING, whether any claim against it is based upon breach of this limited warranty, negligence, strict liability in tort, or for any other cause.

The paragraph regarding the disclaimer is in the same size font as all other paragraphs on the page and is set apart in its own section with a heading in bold type clearly stating: "Sole and Exclusive Warranty." In addition, the portion of the paragraph specifically disclaiming all other warranties is typed in capital letters. To be sure, this portion of the warranty is the sole section written in such a fashion. And as required by the statute, the disclaimer specifically lists the implied warranty of merchantability as among those excluded from coverage. [Dkt. 81-7 at p.9.]

9

Consequently, the express Limited Warranty supplanted any implied warranties as a matter of law, entitling Defendant to summary judgment on this claim.

### C. The Magnuson-Moss Act

The Magnuson-Moss Act creates a private right of action for any "consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the statute], or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). "Where Magnuson-Moss claims are brought for breach of a limited warranty, as here, we look to state law to determine the causes of action and the remedies available." *Platt v. Winnebago Indus., Inc.*, 960 F.3d 1264, 1269 (10th Cir. 2020). Therefore, "claims under the Magnuson-Moss Act stand or fall with [a plaintiff's] express and implied warranty claims under state law" and a "court's disposition of the state law warranty claims determines the disposition of the Magnuson-Moss Act claims." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008).

This Court has concluded Defendant is entitled to summary judgment on Plaintiff's express and implied warranty claims, and therefore, Defendant is also entitled to summary judgment on Plaintiff's claim under the Magnuson-Moss Act.

\* \* \*

For the foregoing reasons, Defendant's Motion for Summary Judgment [Dkt. 61] is GRANTED and judgment shall be entered in its favor.

IT IS FURTHER ORDERED the trial set to begin on May 8, 2023, is VACATED, any remaining pending motions are DENIED AS MOOT, and this case shall be closed.

DATED: April 24, 2023.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge